IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:22-cv-00544-CDP |
| ) | |
| CLIFFORD BARRINGER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF ST. LOUIS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the City of St. Louis, by and through the undersigned, and pursuant to Rule 12(b)(6) hereby moves this Court dismiss Plaintiff's claims against it with prejudice asserted in Plaintiff's First Amended Complaint [Doc. 23] for failure to state a claim upon which relief can be granted, and in support hereof states the following:

1. Plaintiff's original Complaint, filed on May 18, 2022 [Doc. 1], alleges the City of St. Louis, through its policies, customs, and/or failure to train its employees, caused Defendant Clifford Barringer, an employee of the City, to violate Plaintiff's Constitutional rights.

2. Plaintiff specifically alleges that Defendant Barringer poked a broomstick through an opening in Plaintiff's cell door, causing him bodily injury.

3. Plaintiff's original Complaint was fatally deficient in that it contained no facts evidencing that a "policy or custom" whether official or unofficial of the City of St. Louis existed that permitted or required correctional officers to use excessive

or unreasonable force against inmates, nor does it include any allegations of fact that training failures permitted or required such use of force.

4. Additionally, Plaintiff's original Complaint was fatally deficient in that it failed to plead facts establishing a causal connection between the action or inaction of the City and the conduct of Defendant Barringer.

5. The City filed a motion to dismiss [Doc. 12] pointing out these fatal errors in the original Complaint.

6. Plaintiff then moved for leave to file an amended complaint, which was granted on October 20, 2022, and in that same order, the Court denied the City's motion [Doc. 26].

7. However, the Amended Complaint [Doc. 23] is just as fatally deficient as the original Complaint.

8. As more fully articulated in the Memorandum in Support, filed contemporaneously herewith and incorporated by this reference as if set forth fully herein, a plaintiff seeking to impose *Monell* liability against a municipal government must plead facts that establish both the existence of an unconstitutional policy, custom, or failure to train, *and* that such policy, custom, or failure to train actually caused the harm alleged. Plaintiff's Complaint fails to do so.

WHEREFORE, Defendant City of St. Louis moves this Court dismiss Plaintiff's claims against it asserted in Plaintiff's First Amended Complaint with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHEENA HAMILTON**
**CITY COUNSELOR**

By: */s/ Steven R. Kratky*
Steven R. Kratky                                #61442MO
Assistant City Counselor
City of St. Louis Law Department
City Hall |Room 314
Saint Louis | Missouri | 63103
Tele: 314.622.3361
Fax:  314.622.4956
kratkys@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and complete copy of the foregoing was served upon all counsel of record on this 8th day of November, 2022, by filing same in the Court's electronic filing system.

*/s/ Steven R. Kratky*